**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

MAGNOLIADRHOMES LLC, a California limited
liability company,

       Plaintiff,

v.

PEAK FINANCIAL COMPANY, a Colorado
corporation; JOSEPH W. LIBKEY, JR., an
Individual; and BLUEPRINT INVESTMENT
FUND LLC, a Colorado limited liability company,

       Defendants.

**VERIFIED COMPLAINT AND JURY DEMAND**

Plaintiff MagnoliaDRHomes LLC ("Plaintiff" or "Magnolia"), by and through its counsel Wells, Anderson & Race, LLC hereby submits this Verified Complaint and Jury Demand against Peak Financial Company, Joseph W. Libkey, Jr., and Blueprint Investment Fund LLC and alleges as follows:

**PARTIES**

1. Plaintiff, MagnoliaDRHomes LLC, is a limited liability company formed in California, with its principal place of business in Los Altos, California.

2. MagnoliaDRHomes LLC has one member, Youlin Wang, who is a resident of Shenzhen, Gudong province of the People's Republic of China.

3. Defendant Peak Financial Company ("Peak") is a Colorado corporation with a principal place of business in Federal Heights, Colorado. Defendant Peak's address is 2951 W. 91st Place, Federal Heights, CO 80260. Joseph W. Libkey Jr. ("Libkey") is its registered agent. Upon information and belief, Libkey is Peak's owner.

4. Defendant Libkey is an individual, who upon information and belief resides in Colorado in Denver or Thornton.

5. Defendant Blueprint Investment Fund LLC ("Blueprint") is a limited liability company formed in Colorado, with its principal place of business in Thornton, Colorado. Upon information and belief, Defendant Libkey is the only member of Blueprint, and he is its registered agent. Defendant Blueprint's address is 500 E 84th Avenue, Suite A-1, Thornton, CO 80229.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00. Magnolia seeks recovery of $3,130,953.66 plus interest and additional damages to be proven at trial.

7. Defendants are citizens of the forum State, Colorado. Magnolia is a citizen of California.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because each of the Defendants reside in this judicial district.

## GENERAL ALLEGATIONS

### A. **Libkey and Peak Induced Magnolia to Transfer Funds to Peak Based on False Representations**

9. Defendant Libkey is the President, authorized agent, and at all relevant times acted on behalf of Defendant Peak.

10. Defendant Peak held itself out as providing tax, financial, and / or money management services.

11. Guohua Xiong (a/k/a Greg Xiong) ("Xiong") was at all relevant times and is currently an authorized agent for Magnolia and acted on its behalf regarding the matters in this Complaint.

12. Beginning in December 2017, Libkey on behalf of Peak, and Magnolia were engaged in discussions regarding tax-planning and investment strategies including the potential for Magnolia to retain Peak to hold certain Magnolia assets in a Deferred Asset Trust ("DAT") account pursuant to the terms of a draft Deferred Asset Trust and Management Agreement ("Agreement").

13. On April 17, 2018, Xiong and Libkey spoke by telephone to discuss the proposed DAT and Agreement. During this phone call, Libkey represented to Xiong that, after the first complete fiscal quarter, Magnolia would have the right to demand its funds back at any time and that if Magnolia provided written notice the funds would be returned after five days. Unbeknownst to Magnolia and Xiong, this representation was false.

14. Magnolia relied on Libkey's representation to its agent that Magnolia would always be able to demand its funds back at any time and would receive the funds back five days after that demand was made.

3

15. In reliance on the representations of Peak and Libkey, and the promises in the Agreement, Magnolia executed the Agreement (Exh. 1) and on or about May 7, 2018 wired $3,130,953.66 into the DAT held by Peak.

16. On May 8, 2018, Libkey confirmed that US Bank, located at 2456 S Parker Road, Unit A, Aurora, Colorado 80247, had received the wire transfer in the amount of $3,130,953.66 in an account held by Peak as trustee for Magnolia.

17. Magnolia had no knowledge that Libkey or Peak would withdraw the funds from US Bank or invest Magnolia's funds in a real estate project (or any other investment) owned by Libkey, companies owned by Libkey, or companies affiliated with Peak.

### B. DAT Agreement

18. The Agreement provides that Peak will establish a trust with respect to certain assets designated by Magnolia and held in an account for Magnolia's benefit. (Exh. 1 Agreement whereas clause, ¶ 2.)

19. Peak agreed to accept its role as trustee of Magnolia's assigned assets and to act as a fiduciary. (Exh. 1 Agreement whereas clause, ¶ 3, ¶ 1.1.)

20. Peak accepted full responsibility as a fiduciary and agreed that it is subject to, and would at all times comply with, the standard of care and its fiduciary duties. In connection with that standard of care, Peak agreed to act in accordance with Magnolia's best interests. (Exh. 1 Agreement ¶ 1.1, ¶ 5.)

21. Peak agreed that at the close of the first fiscal quarter of holding Magnolia's funds, Magnolia would determine what assets will be transferred to or from the DAT from time to time and inform Peak of its determinations in this regard. (Exh. 1 Agreement ¶ 2.1.)

22. Peak agreed that at the end of the first complete fiscal quarter, Magnolia shall be permitted to instruct Peak to transfer or otherwise distribute, reinvest, or handle the assets held in the DAT or to withdraw the funds held in the DAT upon written notice within five days. (Exh. 1Agreement ¶ 3.3.)

23. Neither Peak nor Libkey notified Magnolia or Xiong that they had withdrawn Magnolia's funds from US Bank.

### C. Peak and Libkey Used Magnolia's Funds for Unauthorized Transactions with Peak's Affiliate, Blueprint.

24. On October 17, 2019, Xiong via email requested Libkey on behalf of Peak to wire the full amount of funds held in the DAT back to Magnolia "as soon as possible." (Exh. 2.)

25. On October 19, 2019, Xiong sent Libkey another email, writing "I have not heard from you on this yet. Can you pls call me back []? I expect you can complete wire transfer in middle next week. Let know if there is any issue. Thanks." Libkey responded with an offer to talk on Monday, October 21, 2019. (Exh. 3.)

26. On October 21, 2019, Xiong once again provided wire instructions for the return of the funds held in the DAT.

27. On October 24, 2019, Libkey sent Xiong a wire transfer "form" for completion. Libkey also claimed that he needed some "sign offs" on some closing paperwork and that he needed to "get the documents in place." Libkey further stated, "I realize you want my company to start the transfer this week, but I need to make sure all parties are protected with the right documentation." (Exh. 4.)

28. In response, on October 24, 2019, Xiong wrote to Libkey, informing him

5

that he had completed the wire transfer form and stating, "I want you to release the full funds in the amount of $3,130,953.66 without any delay. I had made this same request by email a week ago on 10/17, and during the 3-way conference call this Monday including you, Derek [then counsel for Magnolia] and I. I expect you will expedite the process of wire transfer." (Exh. 4.)

29. On October 25, 2019, Libkey acknowledged "the need to get this wire transfer done," and finally agreed to "move promptly" on the wire transfer to Magnolia. Libkey promised, "I will set this in motion with our bank and follow through to push this across on Monday." That day, Xiong thanked Mr. Libkey for "making arrangement[s] to release the funds next Monday." (Exh. 4.)

30. On Monday October 28, 2019, Xiong and Libkey communicated by telephone at which point Libkey stated Magnolia's funds held in the DAT would be wired on Tuesday, October 29, 2019.

31. On October 29, 2019, Xiong wrote to Libkey stating, "Per our conversation yesterday you will wire transfer the full amount of funds today. You will call me this morning to confirm the matter." (Exh. 4.)

32. Later on October 29, 2019, Libkey made further excuses for not wiring the funds, including running issues past attorneys, but promised to follow up "in writing and in detail" about what "steps are going to be taken to properly dissolve this trust ASAP." (Exh. 4.)

33. Later on October 29, 2019, Xiong again demanded the return of the funds and noted Libkey's prior representations that he would promptly release the funds.

(Exh. 4.)

34. On November 1, 2019, counsel for Peak sent a letter to Magnolia stating that "transactions contemplated under the Agreement have been completed," and that Peak would move to "'close-out' Magnolia's trust account with Peak Financial." Peak wrote that it "anticipate[d] the process to be completed by December 1, 2019," and that Magnolia's funds would be returned by December 6, 2019. (*See* Exh. 5.) Contrary to these representations, Peak did not do so and it has not returned Magnolia's funds.

35. On December 2, 2019, counsel for Magnolia wrote to counsel for Peak reiterating the prior demands for return of Magnolia's funds pursuant to the Agreement and requested confirmation of the total amount of funds Peak was in possession of and notification if any funds were missing. (Exh. 6.)

36. On December 5, 2019, counsel for Magnolia again wrote to counsel for Peak requesting an update and requesting a call to discuss the issues. (Exh. 6, 7.)

37. On December 6, 2019, counsel for Peak informed Magnolia for the first time that Peak had invested Magnolia's funds held in the DAT in a condominium project located in Colorado. That same day, counsel for Peak wrote to counsel for Magnolia stating "Following up on our call, the address of the condominium project we discussed is 1401 W 85th Avenue, Federal Heights, Colorado." (Exh. 8.)

38. On December 13, 2019, counsel for Peak provided a written "summary of how Magnolia's funds were invested." (Exh. 9.) This included disclosure for the first time that Defendant Blueprint holds title to the Roth Park Place condominium project (the "Federal

7

Heights Property"). (*Id.*) Counsel for Peak further stated that "Blueprint Investment Fund LLC and Peak Financial Company are affiliated entities." (*Id.*)

39. Before December 13, 2019, Defendant Peak's transfer or investment of Magnolia's funds into Blueprint and / or the Federal Heights Property had never been disclosed to Magnolia.

40. Magnolia did not authorize or approve withdrawal of its funds from US Bank or the investment of its funds into Blueprint, any other investment, or for any purpose whatsoever.

41. Magnolia never approved or waived any conflict of interest related to Peak's investment of Magnolia's funds into a project managed, owned, or affiliated with Libkey and / or Peak.

42. On December 20, 2019, counsel for Magnolia again demanded the prompt return of all funds that had been deposited in the DAT. (Exh. 10.) On January 9, 2020, counsel for Peak advised counsel for Magnolia that it no longer was representing Peak or Libkey.

43. Adams County Real Property records reflect that Defendant Blueprint is the owner of twenty-one condominium units in the Federal Heights Property. (Exh. 11.)

44. To date, Peak, Libkey, and Blueprint have refused to deliver Magnolia's funds to it despite repeated demands therefor.

### FIRST CAUSE OF ACTION
### (Civil Theft Pursuant to C.R.S. §§ 18-4-401, 405)
### All Defendants

45. Magnolia realleges and incorporates in their entirety all allegations pleaded above.

8

46. Defendants Peak and Libkey were obligated to return Magnolia's funds to it within 5 days of demand for their return. Peak and Libkey failed to return Magnolia's funds after demand was made on them to do so.

47. Defendants Peak and Libkey retained and exercised control over Magnolia's funds without authorization by failing to return Magnolia's funds when Magnolia demanded return of the same on separate occasions in October, November, and December of 2019.

48. Upon information and belief, Peak and / or Libkey withdrew Magnolia's funds from US Bank and delivered those funds to Defendant Blueprint for an undisclosed investment in the Federal Heights Property or for other uses. Defendant Blueprint obtained and exercised control over Magnolia's funds which it was never authorized to receive or control. Blueprint has not returned Magnolia's funds after demand was made on Peak and Libkey to do so.

49. Defendant Libkey, individually and / or through Peak and Blueprint, obtained, retained, and exercised control over Magnolia's funds without authorization by transferring the funds from Peak to Blueprint without authorization and using said funds to invest in the Federal Heights Property, or for other purposes, all for his own personal benefit.

50. Each Defendant intended to deprive Magnolia permanently of the use or benefit of the funds.

51. Defendants knowingly used or concealed the funds in such a manner as to deprive Magnolia permanently of their use or benefit.

52. Magnolia has been and continues to be damaged by Defendants obtaining, retaining, or exercising control over Magnolia's funds without authorization. Defendants' conduct constitutes civil theft.

53. Magnolia has been damaged in the amount of $3,130,963.66 plus interest and other damages to be proven at trial.

54. Magnolia is entitled to judgment against Defendants jointly and severally caused by Defendants' civil theft, in the amount of $3,130,953.66, plus three times the amount of actual damages sustained by Magnolia, and costs and reasonable attorney fees pursuant to C.R.S. § 18-4-405.

**SECOND CAUSE OF ACTION**
**(Conversion)**
**All Defendants**

55. Magnolia realleges and incorporates in their entirety all allegations pleaded above.

56. Defendants Peak and / or Libkey withdrew Magnolia's funds from US Bank and transferred or invested the funds in Defendant Blueprint and / or the Federal Heights Property, or otherwise used the funds for their own benefit, without authorization, thereby engaging in an act of dominion over the funds.

57. Defendants Peak and / or Libkey failed to return Magnolia's funds after demand for their return was made in October, November, and December 2019, even though they had promised to do so.

58. Defendants Peak and /or Libkey withdrew Magnolia's funds from US Bank and transferred Magnolia's funds to Blueprint or otherwise invested Magnolia's funds in the Federal Heights Property, or otherwise used the funds for their benefit, without authorization or any right to possess or use the funds.

59. Blueprint, through Libkey and /or Peak had reason to know that it was not authorized to receive or utilize Magnolia's funds.

60. Magnolia has been and continues to be damaged by Defendants' conversion of Magnolia's funds.

61. Magnolia is entitled to judgment against Defendants jointly and severally for damages caused by Defendants' conversion, which includes $3,130,953.66 plus interest and other damages to be proven at trial.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)
### All Defendants

62. Magnolia realleges and incorporates in their entirety all allegations pleaded above.

63. Defendants received a benefit by wrongfully withholding, transferring, or investing Magnolia's funds in the Federal Heights Property or otherwise using Magnolia's funds without authorization and after Magnolia demanded that Magnolia's funds be returned.

64. Defendants appreciated the benefit of Magnolia's funds by transferring some or all of the funds into the Federal Heights Property in which Defendants Blueprint and Libkey have an interest, or otherwise using the funds for their personal benefit.

65. It is inequitable for Defendants to have accepted and retained the benefit of Magnolia's funds without consideration or payment of its value.

66. Magnolia has been and continues to be damaged by Defendants' unjust enrichment.

67. Magnolia is entitled to judgment in the amount of $3,130,953.66 plus interest and other damages to be proven at trial against Defendants jointly and severally for damages caused by their unjust enrichment.

68. Magnolia is entitled to a constructive trust and / or equitable lien on Defendant Blueprint Investment Fund LLC and /or the Federal Heights Property.

## FOURTH CAUSE OF ACTION
### (Replevin Pursuant to Fed. R. Civ. P. 64 and Colo. R. Civ. P. 104)
### All Defendants

69. Magnolia realleges and incorporates in their entirety all allegations pleaded above.

70. A complete list and valuation of the personal property claimed is attached to this Complaint and marked as "Exhibit 12." The personal property consists of $3,130,953.66 that was deposited in US Bank Account to be held for Magnolia with Peak as trustee.

71. Magnolia is the owner of the property claimed because, pursuant to the Agreement, the funds held by Peak Financial were to be held in an account for Magnolia's benefit. (Exh. 1 Agreement whereas clause, ¶ 1.2, 2.)

72. Magnolia's property is wrongfully being detained by the Defendants against Magnolia's claim of right to possession.

73. Defendant Peak came into possession of the property and has detained the property against the right of Magnolia to possession as described in paragraphs 15, 24-38, and 42 above.

74. Defendant Blueprint came into possession of the property and has detained the property against the right of Magnolia to possession as described in paragraphs 37-39 and 42 above.

75. Defendant Libkey came into possession of the property and has detained the property against the right of Magnolia to possession as described in paragraphs 15, 24-39, and 42 above.

76. In the event that Defendants did not withdraw all of the property from the US Bank account specified in the Agreement, some of the property at issue may be located at the following address: US Bank, 2456 S Parker Road, Unit A, Aurora, CO 80247.

77. Magnolia has made repeated demand upon Defendants Libkey and Peak for return of the property. Because of Blueprint's relationship to Libkey, it has knowledge of Magnolia's demands for return of the property. Magnolia has not received the property from Defendants despite such demands and it continues to be deprived of the use and enjoyment of the property.

78. The property at issue has not been taken for a tax assessment or a fine pursuant to statute; or seized under an execution against the property of the Magnolia.

79. Pursuant to Colo. R. Civ. P. 104 (and Fed. R. Civ. P. 64) Magnolia is entitled to an order of this Court directing Defendants to restore to Magnolia possession of its funds, which is the property listed in Exhibit 12 or for the judgment for the value thereof, if delivery cannot be made, and for damages for detention of the property.

80. Magnolia requests that this Court issue an order to show cause directing Defendants to show the Court why replevin as requested herein should not be granted forthwith,

and to hold a hearing thereon within 14 days as directed by Colo. R. Civ. P. 104 and Fed. R. Civ. P. 64.

### FIFTH CAUSE OF ACTION
### (Civil Conspiracy)
### All Defendants

81. Magnolia realleges and incorporates in their entirety all allegations pleaded above.

82. Defendants jointly agreed and conspired amongst themselves to invest or otherwise use Magnolia's funds without authorization in Defendant Blueprint and / or the Federal Heights Property, or used Magnolia's funds for other purposes that benefited themselves.

83. Defendants agreed amongst themselves to wrongfully withhold Magnolia's funds, and to transfer, invest, or otherwise use said funds without authorization, in order to invest the funds in Defendant Blueprint and / or the Federal Heights Property or otherwise use the funds for their own benefit.

84. Defendants committed wrongful acts including theft, in violation of C.R.S. § 18-4-401, the tort of conversion, and fraud in furtherance of transferring and investing Magnolia's funds without authorization or any right thereto.

85. Defendants' conduct amounts to civil conspiracy for which Magnolia has been and will continue to be damaged. Magnolia is entitled to recover the sum of $3,130,953.66 plus interest and other damages to be proven at trial for which Defendants are jointly and severally liable.

### SIXTH CAUSE OF ACTION
### (Fraud)
### Peak Financial Company and Libkey

86. Magnolia realleges and incorporates in their entirety all allegations pleaded above.

87. Peak and Libkey intentionally concealed from Magnolia that Peak and Libkey planned to invest Magnolia's funds in Blueprint or the Federal Heights Property, or to otherwise use the funds for their personal benefit.

88. Peak and Libkey represented in the Agreement that Magnolia's funds would remain in the possession of the Custodian, US Bank. This representation was false.

89. Peak and Libkey represented that Magnolia would be permitted to instruct Peak to transfer, distribute, reinvest, handle, or withdraw Magnolia's funds held pursuant to the Agreement. This representation was false.

90. Libkey, acting as agent for Peak, intentionally represented by telephone to Xiong, Magnolia's agent, on April 17, 2018 that after the first complete fiscal quarter, Magnolia would always have access to distributions of Magnolia's principle investment in the DAT after the five-day period specified in the Agreement. This representation was false.

91. Each of these facts were material.

92. Peak and Libkey knew these representations and were false at the time they were made or were aware that they did not know whether these representations were accurate at the time they were made.

93. Peak and Libkey made the representations with the intent that Magnolia rely on these representations in entering into the Agreement.

15

94. Peak and Libkey concealed their intended use of Magnolia's funds with the intent of creating a false impression of the actual facts in the mind of Magnolia and its agents and with the intent that Magnolia would enter the Agreement and transfer its funds which Magnolia would not have done with knowledge of the actual facts.

95. Magnolia did rely on these representations, and would not have entered into the Agreement but for these representations.

96. Magnolia's reliance on these representations was justified.

97. Magnolia was and continues to be damaged because of its reliance on the false representations made by Peak and Libkey.

98. Peak and /or Libkey's conduct amounts to fraud.

99. Magnolia is entitled to judgment in the amount of $3,130,953.66 plus interest and other damages as proved at trial against Defendants Peak and Libkey jointly and severally for their fraud.

### SEVENTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)
### Peak Financial Company and Libkey

100. Magnolia realleges and incorporates in their entirety all allegations pleaded above.

101. Peak and Libkey had a fiduciary duty to Magnolia pursuant to the Agreement, in acting as a trustee with respect to Magnolia's funds in the DAT, and in providing financial services to Magnolia.

102. Peak and Libkey breached that fiduciary duty by withdrawing Magnolia's funds from the US Bank account specified in the Agreement and transferring or investing Magnolia's

funds in Blueprint and / or the Federal Heights Real Estate Property, or otherwise using Magnolia's funds for their personal benefit, without authorization and by failing to return Magnolia's funds to Magnolia following Magnolia's demand as set forth in the Agreement.

103.    Magnolia has been damaged by the failure of Peak and Libkey to return Magnolia's funds upon demand for the return thereof.

104.    Peak's and Libkey's breach of fiduciary duty caused Magnolia's damages.

105.    Magnolia is entitled to judgment against Peak and Libkey for their breach of fiduciary duty in the amount of $3,130,953.66 plus interest and other damages to be proven at trial and an accounting of Magnolia's funds.

WHEREFORE Magnolia respectfully requests judgment be entered against Defendants as follows:

>    A.    For all compensatory, consequential, or other damages permitted by applicable law in the amount of $3,130,953.66 and other damages to be proved at trial;
>
>    B.    For treble damages pursuant to C.R.S. § 18-4-405;
>
>    C.    For the imposition of a constructive trust and equitable lien on Blueprint Investment Fund LLC and the Federal Heights Property;
>
>    D.    An accounting of Magnolia's funds;
>
>    E.    Pre- and post-judgment interest;
>
>    F.    All costs and attorney's fees permitted by applicable law, including C.R.S. § 18-4-405; and

      G.      For an order that Defendants are jointly and severally liable for the judgments entered against them; and

      H.      For any additional relief as the Court deems just and proper.

FURTHER, with respect to Magnolia's Replevin claim, Magnolia respectfully requests that the Court:

      A.      Issue an Order to Show Cause directed to the Defendants to show cause why the sum of $3,130,953.66 plus interest should not be taken from the Defendants and delivered to Magnolia forthwith;

      B.      Set a Show Cause Hearing within 14 days as required by Colo. R. Civ. P. 104(c) (and Fed. R. Civ. P. 64), to make a preliminary determination concerning the right to possession of Magnolia's funds, specifically $3,130,953.66 plus interest;

      C.      Enter judgment in favor of Magnolia for the possession of the funds, namely $3,130,953.66 or for the value thereof, in case delivery cannot be made, plus damages for detention and for any property not returned; and

      D.      Award Magnolia court costs, attorney fees, plus such other relief as is just and proper.

**MAGNOLIADRHOMES LLC HEREBY DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Dated this 28th day of February, 2020.

*S/ Mary A. Wells*
Mary A. Wells, #8522
L. Michael Brooks, #25975
William D. Healy, #50050
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
E-mail: mwells@warllc.com
mbrooks@warllc.com; whealy@warllc.com

*Attorneys for Plaintiff*

# VERIFICATION OF COMPLAINT

STATE OF CALIFORNIA                    )
                                       ) ss
COUNTY OF SANTA CLARA                  )

      I, Guohua Xiong, agent of MagnoliaDRHomes LLC, being first duly sworn and of lawful age, states under penalty of perjury that the factual matters contained in the foregoing Verified Complaint and Jury Demand regarding the claims made by MagnoliaDRHomes LLC against Peak Financial Company, Blueprint Investment Fund LLC, and Joseph W. Libkey, Jr., are true and correct to the best of my knowledge, information and belief.

                                                        Guohua Xiong

                                          Agent for MagnoliaDRHomes LLC

Subscribed and sworn to before me this ____ day of _____ 2020, by Guohua Xiong.

*See below*

                                     My Commission Expires:

                                     Notary Public

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Santa Clara
Subscribed and sworn to (or affirmed) before me on this 27 day of February, 2020, by Guohua Xiong
_____, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Signature _____ (Seal)

PAUL ELLIOTT
Comm. #2271368
Notary Public · California
Santa Clara County
Comm. Expires Dec 16, 2022