**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:20-cv-00568-RM-KLM

MAGNOLIADRHOMES LLC, a California limited liability company,

    Plaintiff,

v.

PEAK FINANCIAL COMPANY, a Colorado corporation;
JOSEPH W. LIBKEY, JR., an individual; and
BLUEPRINT INVESTMENT FUND LLC, a Colorado limited liability company,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Ex-Parte and Forthwith Motion for Order to Show Cause (ECF No. 13) seeking an order directing Defendants to show cause why the property described in the complaint should not be delivered to Plaintiff. For the reasons below, the Court denies the motion.

Plaintiff's complaint includes a claim for replevin pursuant to Fed. R. Civ. P. 64 and Colo. R. Civ. P. 104. Rule 104 provides that a court shall issue an order to show cause if a plaintiff makes an adequate showing that four requirements are satisfied:

> (1) That the plaintiff is the owner of the property claimed or is entitled to possession thereof and the source of such title or right; and if plaintiff's interest in such property is based upon a written instrument, a copy thereof shall be attached;
>
> (2) That the property is being detained by the defendant against the plaintiff's claim of right to possession; the means by which the defendant came into possession thereof, and the specific fats constituting detention against the right of the plaintiff to possession;

(3) A particular description of the property, a statement of its actual value, and a statement to his best knowledge, information and belief concerning the location of the property and of the residence and business address, if any, of the defendant;

(4) That the property has not been taken for a tax assessment or fine pursuant to a statute; or seized under an execution against the property of the plaintiff; or if so seized, that it is by statute exempt from seizure.

Plaintiff contends the allegations in the verified complaint satisfy these requirements. However, the agreement attached to the complaint contains several facial irregularities. First, the page numbering of the agreement indicates that it has eleven pages, yet only ten pages are included. Second, the agreement states that it has two exhibits, but only one exhibit is attached. Third, on page eight of the agreement, the numbered paragraphs skip from 16 to 27. More troubling is the text on the eighth page of the agreement, where paragraph 16, addressing jurisdiction and venue, includes an oddly blank space where two lines of text appear to be missing. The words directly before and after the blank space do not form complete sentences, nor can they be combined to make a grammatical sentence. Due to these irregularities, the Court finds that the agreement does not provide an adequate basis to issue an order to show cause. Further, the Court is unable to discern whether bringing this replevin claim under Rule 104 in this Court is consistent with the agreement. (*See* ECF No. 1-1 at 8, ¶ 16.)

Accordingly, Plaintiff's motion (ECF No. 13) is DENIED.

DATED this 15th day of April, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge